TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00198-CR







Ramiro Gonzalez, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 98-735-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







A jury found appellant Ramiro Gonzalez, Jr., guilty of possessing more than four
but less than two hundred grams of cocaine with intent to deliver (count one) and of possessing
more than four ounces but less than five pounds of marihuana (count two). See Tex. Health &
Safety Code Ann. §§ 481.112(a), (d), .121(a), (b)(3) (West Supp. 2000). The jury assessed
punishment at imprisonment for twenty-five years on count one and at state jail incarceration for
two years on count two. In his only point of error, appellant contends the incriminating evidence
should have been suppressed. We will overrule this contention and affirm the district court's
judgment.

On the afternoon of August 8, 1998, the attention of Department of Public Safety
trooper Roy Tower was drawn to a Toyota Corolla being driven at an excessive speed on
Interstate 35. As he followed the Toyota, Tower called in the license plate number. He was
informed that the plates had been issued to a Lincoln Continental. Tower stopped the vehicle
intending to issue a warning for speeding and to inquire further into the matter of the improper
license plates.

The Toyota had two occupants: appellant, who was driving, and a woman later
identified as Sharon Walls. Appellant exited the Toyota and walked toward the officer's patrol
car. Before he did, Tower noticed "there was a whole lot of moment [sic] in the vehicle between
him and the passenger." Appellant told the officer he did not have his driver's license. Tower
doubted the truth of that statement because he could see the bulge of a wallet in appellant's back
pants pocket. Noticing another bulge in appellant's front pants pocket, Tower asked him if he had
"any weapons, guns or knives, and he stated no." Tower "turned [appellant] sideways and put
my hand on [the bulge], and I could feel it was a knife." Tower took the knife from appellant's
pocket.

As he was conversing with appellant, Tower noticed that the passenger "was
turning back, looking at us, and looking nervous, kind of moving around a bunch." At one point,
"she ducked down completely." Tower handcuffed appellant "for my safety" and, leaving him
standing by the patrol car, walked over to speak to Walls who still sat in the Toyota. She "was
extremely nervous." She told the officer that she had no identification, that the car belonged to
her, and that there was nothing illegal in the car. Tower asked Walls for permission to search the
car. She gave it. The officer found the woman's identification, a baseball bat on which the word
"peacemaker" was inscribed, and a plastic shopping bag under the driver's seat containing a green
leafy substance he recognized as marihuana. Tower radioed for assistance, and a subsequent
search of the Toyota with a drug-sniffing dog led to the discovery of a paper bag under the
driver's seat containing what proved to be cocaine.

Appellant contends the district court erred by overruling his motion to suppress the
seized evidence because Officer Tower did not have a reasonable basis for stopping the Toyota. 
Alternatively, he urges that the subsequent detention and search exceeded the legitimate purpose
of the stop. In reviewing these contentions, we defer to the district court's factual determinations
but review de novo the court's application of the law to the facts. See Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). Because the district court did not make explicit findings
of fact, we review the evidence in the light most favorable to the court's ruling and assume the
court made findings that are supported by the record and buttress its conclusion. See Carmouche
v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

The State urges that appellant failed to preserve any error with regard to the
admission of the cocaine because he said he had no objection when the cocaine was offered in
evidence. When a pretrial motion to suppress is overruled, the defendant need not object to the
admission of the evidence at trial in order to preserve error, but the defendant waves any error
if he states at trial that he has no objection to the admission of the evidence. See James v. State,
772 S.W.2d 84, 97 (Tex. Crim. App. 1989). In this cause, appellant's counsel stated "No
objections" when the cocaine was offered in evidence, but soon thereafter approached the bench
and clarified that he was merely voicing no further objection beyond those raised at the pretrial
hearing. Under these circumstances, we decline to hold that the claimed error was waived. See
Fierro v. State, 969 S.W.2d 51, 54 (Tex. App.--Austin 1998, no pet.).

A traffic stop is analogous to a temporary investigative detention. See Berkemer
v. McCarty, 468 U.S. 420, 439 (1984). A police officer may stop and briefly detain a person for
investigative purposes if the officer, in light of his experience, has a reasonable suspicion
supported by articulable facts that criminal activity may be afoot. See Terry v. Ohio, 392 U.S.
1, 30 (1968). The reasonableness of a temporary detention must be examined in terms of the
totality of the circumstances. See Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). 
A temporary detention is justified when the detaining officer has specific articulable facts, which
taken together with rational inferences from those facts, lead him to conclude that the person
detained is, has been, or soon will be engaged in criminal activity. See id. A reasonable
suspicion means more than a mere hunch or suspicion. See Davis v. State, 947 S.W.2d 240, 244
(Tex. Crim. App. 1997). A detention is not permissible unless the circumstances objectively
support a reasonable suspicion of criminal activity. See id. 

In this cause, Officer Tower witnessed two offenses before stopping the Toyota:
speeding and displaying license plates issued to a different vehicle. See Tex. Transp. Code Ann.
§§ 502.408, 543.001 (West 1999). These observed offenses gave the officer reasonable grounds
for stopping the vehicle. See Whren v. United States, 517 U.S. 806, 810 (1996). The two
opinions cited by appellant are distinguishable. In Saenz v. State, 842 S.W.2d 286, 287 (Tex.
Crim. App. 1992), the officer did not see a traffic offense committed before stopping the vehicle. 
In Luera v. State, 561 S.W.2d 497, 500 n.2 (Tex. Crim. App. 1978), the court was careful to
point out that the United States Border Patrol officer was not a peace officer under Texas law and
was not authorized to make traffic offense stops.

A temporary detention may last no longer than is necessary to effectuate the
purpose of the stop. See Florida v. Royer, 460 U.S. 491, 500 (1983); Davis, 947 S.W.2d at 243-45. Appellant argues that the duration and intensity of the detention here were not reasonably
related in scope to the circumstances that justified the initial stop. This argument ignores the
circumstances that arose following the stop. See Goodwin v. State, 799 S.W.2d 719, 727 (Tex.
Crim. App. 1990). After stopping the Toyota, Tower observed the unusual movements of the
car's two occupants, heard both persons claim (falsely, as it turned out) to have no identification,
caught appellant in a lie about whether he was carrying a knife, and noticed Wall's extreme
nervousness when he spoke to her. These factors, together with the improper license plates, could
reasonably lead the officer to conclude that appellant and his companion were engaged in criminal
activity and warranted detaining them longer than might be necessary merely to issue a speeding
citation.

Appellant complains particularly that the officer was not justified in detaining the
Toyota for the canine drug sweep, citing our opinion in Walter v. State, 997 S.W.2d 853, 862-63
(Tex. App.--Austin 1999, pet. granted). In that opinion, we held that a twenty-minute detention
following a routine traffic stop to await the arrival of a drug dog was not reasonably related in
scope to the circumstances that justified the stop and was not justified by any subsequent
observations by the officer. See id. In the instant cause, Officer Tower did not call for the canine
unit until after he had discovered the bag of marihuana during his first, consensual search of the
vehicle. The discovery of the marihuana gave the officer probable cause to arrest appellant and
his companion and to search the car, and distinguishes this cause from Walter.

The district court did not err by overruling appellant's motion to suppress. The
judgment of conviction is affirmed.



 
 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: July 27, 2000

Do Not Publish



72 S.W.2d 84, 97 (Tex. Crim. App. 1989). In this cause, appellant's counsel stated "No
objections" when the cocaine was offered in evidence, but soon thereafter approached the bench
and clarified that he was merely voicing no further objection beyond those raised at the pretrial
hearing. Under these circumstances, we decline to hold that the claimed error was waived. See
Fierro v. State, 969 S.W.2d 51, 54 (Tex. App.--Austin 1998, no pet.).

A traffic stop is analogous to a temporary investigative detention. See Berkemer
v. McCarty, 468 U.S. 420, 439 (1984). A police officer may stop and briefly detain a person for
investigative purposes if the officer, in light of his experience, has a reasonable suspicion
supported by articulable facts that criminal activity may be afoot. See Terry v. Ohio, 392 U.S.
1, 30 (1968). The reasonableness of a temporary detention must be examined in terms of the
totality of the circumstances. See Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). 
A temporary detention is justified when the detaining officer has specific articulable facts, which
taken together with rational inferences from those facts, lead him to conclude that the person
detained is, has been, or soon will be engaged in criminal activity. See id. A reasonable
suspicion means more than a mere hunch or suspicion. See Davis v. State, 947 S.W.2d 240, 244
(Tex. Crim. App. 1997). A detention is not permissible unless the circumstances objectively
support a reasonable suspicion of criminal activity. See id. 

In this cause, Officer Tower witnessed two offenses before stopping the Toyota:
speeding and displaying license plates issued to a different vehicle. See Tex. Transp. Code Ann.
§§ 502.408, 543.001 (West 1999). These observed offenses gave the officer reasonable grounds
for stopping the vehicle. See Whren v. United States, 517 U.S. 806, 810 (1996). The two
opinions cited by appellant are distinguishable. In Saenz v. State, 842 S.W.2d 286, 287 (Tex.
Crim. App. 1992), the officer did not see a traffic offense committed before stopping the vehicle. 
In Luera v. State, 561 S.W.2d 497, 500 n.2 (Tex. Crim. App. 1978), the court was careful to
point out that the United States Border Patrol officer was not a peace officer under Texas law and
was not authorized to make traffic offense stops.

A temporary detention may last no longer than is necessary to effectuate the
purpose of the stop. See Florida v. Royer, 460 U.S. 491, 500 (1983); Davis, 947 S.W.2d at 243-45. Appellant argues that the duration and intensity of the detention here were not reasonably
related in scope to the circumstances that justified the initial stop. This argument ignores the
circumstances that arose following the stop. See Goodwin v. State, 799 S.W.2d 719, 727 (Tex.
Crim. App. 1990). After stopping the Toyota, Tower observed the unusual movements of the
car's two occupants, heard both persons claim (falsely, as it turned out) to have no identification,
caught appellant in a lie about whether he was carrying a knife, and noticed Wall's extreme
nervousness when he spoke to her. These factors, together with the improper license plates, could
reasonably lead the officer to conclude that appellant and his companion were engaged in criminal
activity and warranted detaining them longer than might be necessary merely to issue a speeding
citation.

Appellant complains particularly that the officer was not justified in detaining the
Toyota for the canine drug sweep, citing our opinion in Walter v. State, 997 S.W.2d 853, 862-63
(Tex. App.--Austin 1999, pet. granted). In that opinion, we held that a twenty-minute detention
following a routine traffic stop to await the arrival of a drug dog was not reasonably related in
scope to the circumstances that justified the stop and was not justified by any subsequent
observations by the officer. See id. In the instant cause, Officer Tower did not call for the canine
unit until after he had discovered the bag of marihuana during his first, consensual search of the
vehicle. The discovery of the marihuana gave the office